FILED
SUPERIOR COURT
OF GUAM

2019 AUG 12 PM 2: 14

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GARTH M. GOLDING,<br><br>Plaintiff,<br><br>vs.<br><br>RUBIE LAXAMANA GOLDING,<br><br>Defendant. | Superior Court Case No. <u>DM0372-17</u><br><br>**DECISION AND ORDER<br>RE<br>MOTION FOR CONTEMPT** |

The Court here addresses Plaintiff Garth M. Golding's Motion for Contempt against Defendant Rubie Laxamana Golding for violating section four and section ten of the parties' Stipulated Judgment of Divorce, incorporated into their April 25, 2019 Final Decree of Divorce.

Section four of the Stipulated Judgment grants Garth the balance of the parties' California house escrow sale. Garth received approximately $33,245.81 from the escrow sale, which he placed into a Navy Federal Credit Union account on May 3, 2019. Mot. Contempt at 1 (May 28, 2019). That same day, he transferred $32,000.00 from the account into a different account he shares with his daughter. *Id.* After approximately two weeks, Rubie withdrew $17,490.00 from the account Garth shares with his daughter, as she had access as a joint holder of the account. Opp'n at 3-4; Minute Entry (July 12, 2019). Despite her joint account holder status, Garth argues the withdrawal violates section four of the Stipulated Judgment. Mot. Contempt at 1; Opp'n at 1 (June 13, 2019).

Garth also contends Rubie has failed to remit to him 50% of her Thrift Savings Plan ("TSP") in violation of section ten of the Stipulated Judgment. Mot. Contempt at 2. Rubie

ORIGINAL

disagrees, stating that Garth needs a separate order from the Court for her to divide and release the funds, which he has not requested from the Court. Opp'n at 2.

Under Guam law, a party can be held in contempt of court when the movant shows by clear and convincing evidence that there is (1) a valid order, (2) knowledge of the order, (3) ability to comply with the order, and (4) a willful failure to comply with the order. *Rodriguez v. Rodriguez*, 2003 Guam 8 ¶ 15. The parties dispute whether Rubie has willfully failed to comply with the Stipulated Judgment, thus, the Court only examines this prong.

Willfulness is an "essential element of the offense" of contempt. *People of Guam v. Torres*, 2008 Guam 26 ¶ 5. However, "a good faith belief that a party's interpretation of the support order is correct may prevent a finding of willfulness for purposes of establishing contempt." *Lamb v. Hoffman*, 2008 Guam 2 ¶ 52. A party acts in "good faith" when they take "all reasonable steps within [their] power to comply with the court's order." *Landmark Legal Found. v. E.P.A.*, 272 F. Supp. 2d 70, 78 (D.D.C. 2003).

Section four of the Stipulated Judgment expressly states that "[p]arties simply agree that [Garth] shall take the balance of the escrow [from the California house sale]." Garth testified to receiving the money and depositing it into one of his bank accounts, creating the presumption that Rubie complied with section four of the Stipulated Judgment. Minute Entry (July 12, 2019). The Stipulated Judgment does not forbid Rubie from withdrawing money from a joint bank account. Moreover, Garth's act of transferring $32,000.000 into a bank account both parties had access to and comingling funds would prompt some courts to find Garth created the presumption that he transmuted his separate money into marital property. *See, e.g.*, *Stidham v. Stidham*, 136 S.W.3d 74, 81–82 (Mo. Ct. App. 2004). Without deciding whether such a presumption applies in this case, the Court does find that Rubie acted in good faith in believing she could withdraw

ORIGINAL

money from the joint bank account, especially since she testified that she believed she was entitled to the funds for unpaid child support.[1] Without more evidence of willfulness, the Court does not find Rubie in contempt for violating section four of the Stipulated Judgment.

Section ten of the Stipulated Judgment simply states "[Garth] gets 50% of the value of [Rubie's] TSP as of the day of separation May 23, 2017." The Court has reviewed the law regulating TSP's--5 USC §§ 8435(c), 8467, and 5 CFR § 1653(A)--and agrees with Rubie's contention that a separate, more specific court order is required to effect the division and release of her TSP funds. Because section ten does not specify which party needs to move for such relief, the Court does not find Rubie willfully failed to comply with the Stipulated Judgment.

The Court therefore DENIES Garth's Motion for Contempt.

SO ORDERED this 12th day of August 2019.

HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the
within hereto was placed in the
court box of:

A. Perez
G. Gumataotao
8/12/19 Time: 3:00

Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Anthony C. Perez, Esq., Law Office of Anthony C. Perez, for Plaintiff Garth M. Golding
Gary Wayne Francis Gumataotao, Esq., Law Offices of Gumataotao & Pole, P.C., for Defendant Rubie Laxamana Golding

---

[1] Arrears have not been decided in the parties' child support case, though Rubie has submitted a statement requesting $22,712.20 as of July 31, 2019. Subm. Statement of Arrears, CS0048-18 (Aug. 9, 2019)

ORIGINAL